# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WATSON LABORATORIES, INC. - (FL) et al.,<br><br>　　　　　Defendants. | 3:11-cv-00481-RCJ-VPC<br><br>**ORDER** |
| FERRING B.V.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>APOTEX, INC. et al.,<br><br>　　　　　Defendants. | 3:11-cv-00485-RCJ-VPC<br><br>**ORDER** |
| FERRING B.V.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WATSON PHARMACEUTICALS, INC. et al.,<br><br>　　　　　Defendants. | 3:11-cv-00853-RCJ-VPC<br><br>**ORDER** |
| FERRING B.V.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>APOTEX, INC. et al.,<br><br>　　　　　Defendants. | 3:11-cv-00854-RCJ-VPC<br><br>**ORDER** |

 1     These four consolidated cases arise out of Defendants' application with the Food and
 2  Drug Administration ("FDA") to manufacture and sell generic versions of a patented drug.
 3  Pending before the Court are a Motion to Stay (ECF No. 463), a Motion to Reconsider (ECF No.
 4  465), two Motions to Strike (ECF Nos. 474, 477), and nine Motions to Seal (ECF Nos. 462, 464,
 5  467, 471, 476, 478, 480, 482, 485).
 6  **I.     FACTS AND PROCEDURAL HISTORY**
 7     These cases arise out of the alleged infringement of Plaintiff Ferring B.V.'s ("Ferring")
 8  U.S. Patent No. 7,947,739 for tranexamic acid tablets sold under the trademark Lysteda® (the
 9  "'739 Patent" or "Tablet Patent"), (*see* Compl. ¶¶ 13–17, July 7, 2011, ECF No. 1; Compl. ¶¶
10  9–13, July 8, 2011, ECF No. 1 in Case No. 3:11-cv-00485), and the alleged infringement of
11  Ferring's U.S. Patent No. 8,022,106 for tranexamic acid formulations and methods of treating
12  menorrhagia therewith (the "'106 Patent" or "Formulas and Treatment Patent"), (*see* Compl. ¶¶
13  13–17, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00853; Compl. ¶¶ 9–13, Nov. 25, 2011,
14  ECF No. 1 in Case No. 3:11-cv-00854).[1]  In the '481 and '485 Cases, respectively, Ferring sued
15  several Watson Labs entities (collectively, "Watson Defendants") and several Apotex entities
16  (collectively, "Apotex Defendants") in this Court for infringing the '739 Patent.  In the '853 and
17  '854 Cases, respectively, Ferring sued several Watson Defendants and several Apotex
18  Defendants in this Court for infringing the '106 Patent.
19     The Court consolidated the four cases, with the '481 Case as the lead case.  It also granted
20  motions to dismiss the counterclaims for invalidity and to strike affirmative defenses for
21  invalidity in the '481 and '854 Cases, with leave to amend.  The Court ruled that affirmative
22  defenses must specify a distinct legal theory of invalidity under Rule 8(c) but need not be pled
23  according to the *Iqbal* plausibility standard, as the counterclaims must be under Rule 8(a).

---

25   [1]Unless otherwise noted, the docket numbers in this document refer to Case No. 3:11-cv-00481.

1  Watson Defendants and Apotex Defendants amended their answers and counterclaims,
2  accordingly. (*See* ECF Nos. 93, 94). Apotex Defendants later further amended its answer and
3  counterclaim. The Court denied motions to dismiss the amended counterclaims for invalidity.
4  The Court held a *Markman* hearing and issued a claim construction order. The Court held a
5  bench trial and gave its findings of fact and conclusions of law from the bench, requesting
6  counsel to draft a written order. The parties have since filed several motions.

7  **II.    DISCUSSION**

8       Before addressing the other motions, the Court will grant the nine motions for leave to
9  file those motions and related pleadings under seal.

10      **A.    Motion to Stay and Motion to Reconsider**

11      Watson asks the Court to stay judgment pending appeal. The Court denies the motion.
12  Watson argues that Ferring will not be irreparably harmed by a stay because: (1) under an
13  agreement with a third party, Ferring would have saved $12.5 million upon the entry of a generic
14  competitor into the market before May 13, 2013; and (2) the entry of a generic competitor into
15  the market can actually benefit a brand name product, and that is, according to Watson, the case
16  here. As to the first argument, it is not clear whether Ferring was able to take advantage of its
17  alleged contractual provision with the third party. Even if it were so, that issue is settled. Ferring
18  either did or did not avoid the additional $12.5 million payment to the third party based upon
19  Watson's pre-May 13, 2013 marketing of its infringing product. The harm to Ferring going
20  forward is from further competition by an infringing product. Also, even assuming for the sake
21  of argument that all of Ferring's profit from Lysteda could be attributed to Watson's entry into
22  the market, an infringement defendant cannot argue that the patentee has not been harmed by
23  infringement simply because his sales have increased. The harm is not purely economic but also
24  in the loss of good faith with the consuming public that comes from being an innovator with an
25  exclusive product. That good faith carries forward to future endeavors of the company unrelated

to the sale of a particular product.  Moreover, Watson's argument that as a competitor it actually benefitted Ferring implicitly admits that Watson's marketed product infringed Ferring's patent(s).  That admission also severely damages Watson's argument that its ANDA filing did not infringe Ferring's patents under 35 U.S.C. § 271(e)(2). *See Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1567–68 (Fed. Cir. 1997) ("The relevant inquiry is whether the patentee has proven by a preponderance of the evidence that the alleged infringer will likely market an infringing product.").  Watson has not shown that it is likely to succeed on the merits of the appeal.

### B. Motion to Reconsider

This issue is unripe.  Because the Court has not yet entered any injunction but only indicated its tentative inclinations, the Court will not "reconsider" entry of a potential future injunction.

### C. Motions to Strike

First, Watson asks the Court to strike a letter to the Court from Ferring concerning the substantive issue of a request for a preliminary injunction as an improper communication with the Court.  The Court denies the motion.  As Ferring notes, the letter accompanied the proposed form of judgment the Court requested Ferring to file and did not constitute a request for any separate injunction.

Second, Apotex asks the Court to strike Ferring's proposed findings of fact and conclusions of law as to Apotex, because the Court indicated that it intended to rule in favor of Apotex given Apotex's post-trial agreement to amend its ANDA to exclude the possibility that FDA approval would permit Apotex to sell products within the scope of Ferrings claims.  Apotex argues that the Court instructed Ferring and Apotex to agree upon an appropriate stipulation but that Ferring instead simply wrote the proposed judgment as if there were to be no stipulation but Apotex simply lost at trial.  The Court addressed the issue at the March 5, 2013 hearing.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Seal (ECF Nos. 462, 464, 467, 471, 476, 478, 480, 482, 485) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 463), the Motion to Reconsider (ECF No. 465), and the Motions to Strike (ECF Nos. 474, 477) are DENIED.

IT IS SO ORDERED.

Dated this 24th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge